## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

BRUCE KONYA, *et al.,*

*Plaintiffs*,

v.

No. 8:24-cv-00750-PJM

LOCKHEED MARTIN CORPORATION,

*Defendant*.

## PLAINTIFFS' OBJECTION TO DEFENDANT'S EXTRINSIC EVIDENCE

On October 28, 2024, Defendant supplemented its pending motion to dismiss with 10 new exhibits. ECF 65. Plaintiffs recognize, of course, that the Court requested that Defendant submit a copy of the notice that Lockheed provided to Athene transferees, and accepted Defendant's offer to supply the related certificates. ECF 97 at 51:10–53:1. Nevertheless, Plaintiffs are compelled to note their objection to any consideration of these extrinsic materials, which Defendant chose not to attach to its motion. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.").

On a Rule 12(b)(6) motion, courts are generally "limited to considering the sufficiency of allegations set forth in the complaint and the 'documents attached or incorporated into the complaint.'" *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015) (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011)). A court may consider a document attached to a motion to dismiss "only when the document is 'integral to and explicitly relied on in the complaint,'" *id.* at 606–07 (quoting *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004)), meaning "its 'very existence, and

not the mere information it contains, gives rise to the legal rights asserted,'" *Reamer v. State Auto. Mut. Ins. Co.*, 556 F. Supp. 3d 544, 549 (D. Md. 2021) (quoting *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011)); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (document integral "where the complaint relies heavily upon its terms and effect") (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002)).

If a court considers documents beyond those limited categories, it "improperly converts the motion to dismiss into a motion for summary judgment," which "is not appropriate when the parties have not had an opportunity to conduct reasonable discovery." *Zak*, 780 F.3d at 606 (citing Fed. R. Civ. P. 12(b), 12(d), and 56); *see also Gay v. Wall*, 761 F.2d 175, 178 (4th Cir. 1985) ("Because Gay was not afforded an opportunity for reasonable discovery, the district court's treatment of the motion to dismiss as a motion for summary judgment was an abuse of discretion.").

The exhibits to Defendant's supplement are not among the categories of outside documents that courts may consider in deciding a Rule 12(b)(6) motion. Defendant tacitly conceded as much by not attaching any of the exhibits to the motion. Defendant also conceded that its Rule 12(b)(1) motion is a "facial standing challenge," not a factual challenge. Reply 6 & n.5 [ECF 48]. Thus, consideration of the exhibits "converts the Motion to one for summary judgment and imposes upon Plaintiff[s] the unfair and rather impossible task of proving [their] case in advance of fulsome discovery." *Moler v. Univ. of Md. Med. Sys.*, No. 1:21-cv-01824-JRR, 2022 U.S. Dist. LEXIS 124797, at *5–6 (D. Md. July 13, 2022) (in ERISA class action, striking similar documents submitted by defendant in connection with motion to dismiss because they were "offered to cast the substantive merits of the action in a defense-oriented light rather than to

challenge the sufficiency of the pleading"). Thus, as required by Rule 12(d), the Court should

exclude "Defendants Court-Directed Supplement" [ECF 65] in deciding the pending motion.

November 5, 2024                              Respectfully submitted,

                                             /s/ Sean E. Soyars
                                             SCHLICHTER BOGARD LLP
                                             Jerome J. Schlichter*
                                             Sean E. Soyars*
                                             Kurt C. Struckhoff*
                                             100 South Fourth Street, Suite 1200
                                             St. Louis, MO 63102
                                             (314) 621-6115, (314) 621-5934 (fax)
                                             jschlichter@uselaws.com
                                             ssoyars@uselaws.com
                                             kstruckhoff@uselaws.com

                                             *Lead Counsel for Plaintiffs*

                                             /s/ Cyril V. Smith
                                             ZUCKERMAN SPAEDER LLP
                                             Cyril V. Smith (07332)
                                             100 E. Pratt Street, Suite 2440
                                             Baltimore, Maryland 21202
                                             (410) 949-1145
                                             csmith@zuckerman.com

                                             Bryan M. Reines*
                                             ZUCKERMAN SPAEDER LLP
                                             1800 M Street N.W., Suite 10000
                                             Washington, D.C. 20036
                                             (202) 778-1846
                                             (202) 822-8106 (fax)
                                             breines@zuckerman.com

                                             /s/ Elizabeth Hopkins
                                             Elizabeth Hopkins (21946)
                                             Susan L. Meter (21929)
                                             KANTOR & KANTOR LLP
                                             19839 Nordhoff St.
                                             Northridge, CA 91324
                                             (818) 886-2525
                                             (818) 350-6272 (fax)
                                             ehopkins@kantorlaw.net
                                             smeter@kantorlaw.net

/s/ Edward S. Stone
Edward S. Stone*
EDWARD STONE LAW P.C.
175 West Putnam Ave., 2nd Floor
Greenwich, CT 06830
(203) 504-8425
eddie@edwardstonelaw.com

*Attorneys for Plaintiffs*

*Admitted pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notification of such filing to the attorneys of record.

/s/ Sean E. Soyars
Sean E. Soyars