UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| BRUCE KONYA, SIMON SHIFF, STEPHEN SCHWARZ, AND DIANA VASQUEZ, individually and as representatives of a class of participants and beneficiaries on behalf of THE LOCKHEED MARTIN CORPORATION SALARIED EMPLOYEE RETIREMENT PROGRAM AND THE LOCKHEED MARTIN AEROSPACE HOURLY PENSION PLAN, <br><br> Plaintiff, <br><br> v. <br><br> LOCKHEED MARTIN CORPORATION, <br><br> Defendant. | No. 8:24-cv-00750-PJM <br><br> Hon. Peter J. Messitte |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' OBJECTION TO DEFENDANT'S COURT-DIRECTED SUPPLEMENT**

The Court should overrule Plaintiffs' Objection to Defendant Lockheed Martin's Court-Directed Supplement (ECF 70 or "Objection") because it is legally and procedurally unsupported and otherwise without merit. Lockheed Martin moved to the dismiss Plaintiffs' Complaint under Rule 12(b)(1) because it fails to plausibly allege a concrete injury in fact, as required to invoke this Court's jurisdiction under Article III of the United States Constitution. ECF 26-1. Lockheed Martin alternatively moved to dismiss, under Rule 12(b)(6), for failure to state a viable claim under ERISA. *Id*. During the October 10, 2024 hearing that followed, the Court bifurcated the arguments—starting first with Lockheed Martin's standing arguments under Rule 12(b)(1).

1

During Plaintiffs' arguments on this issue, the Court asked what information was provided to Plaintiffs regarding the pension risk transfer ("PRT") transactions alleged in the Complaint. ECF 97 at 33:18-23. Plaintiffs' counsel responded inaccurately by asserting that Plaintiffs were merely "left with a notice, in one form or another, that says: We, Lockheed, are off the hook. We owe nothing more. . . . [Y]ou're not going to be in a pension plan governed by ERISA. You're not going to have [PBGC] protection . . . . And here is your new entity . . . they're safe, basically, is what [the notice] said." *Id.* at 33:24-34:9.

The Court then posed the same question to counsel for Lockheed Martin, who clarified that Plaintiffs were provided with written notices informing them, among other things, "who the transaction[s] appl[ied] to," "why [Lockheed Martin] decided to do" the transactions, and how and why Athene was selected as the insurance company responsible for making Plaintiffs' future pension payments under a group annuity contract. Counsel further explained that Plaintiffs and others affected by the transactions received a "certificate of insurance" summarizing "the rights they have under the" group annuity contracts with Athene, and that they were entitled to receive copies of those group annuity contracts. *Id.* at 50:25-52:25. The Court stated that it would "appreciate" if Lockheed Martin would submit these documents to the Court, *id.* at 52:17-53:1, and Lockheed Martin complied by filing its Supplement on October 24, 2024. ECF 65.

At no point during the October 10 hearing did Plaintiffs object to the Court's request. Instead, Plaintiffs waited until November 5 to file their purported "Objection" to the Court's request and Lockheed Martin's compliance with it. ECF 70. The Objection argues that the Court must disregard every document Lockheed Martin submitted because any consideration of those materials—for any purpose—would necessarily and improperly transform Lockheed Martin's

Rule 12(b)(6) motion into a motion for summary judgment under Rule 56. ECF 70 at 1-3. Plaintiffs' belated objection is misplaced and should be overruled for several reasons.

***First***, the documents to which Plaintiffs object were neither requested nor submitted in connection with any argument Lockheed Martin made under Rule 12(b)(6). The Court's questions about information provided to Plaintiffs and its request that Lockheed Martin file those documents arose during the parties' Rule 12(b)(1) arguments concerning Article III standing. And the general rule that considering matters outside the pleadings converts a Rule 12(b)(6) motion into a motion for summary judgment does not apply to Rule 12(b)(1) motions.[1] That is why *all* of Plaintiffs' cases concern whether courts properly considered matters outside the pleadings when deciding motions to dismiss under Rule 12(b)(6) only. While Plaintiffs suggest this rule applies equally to any "facial standing" challenge under Rule 12(b)(1), the only case they cite for that proposition did not involve a Rule 12(b)(1) motion at all, but rather involved only a 12(b)(6) motion.[2] *See* ECF 70 at 2 (citing *Moler v. Univ. of Md. Med. Sys.*, 2022 WL 2716861, at *1-2 (D. Md. July 13, 2022)). In short, none of Plaintiffs' cited authority supports their arguments.

***Second***, in merely complying with the Court's request to submit the supplemental documents, Lockheed Martin has not argued that the documents should be considered in support of any Rule 12(b)(6) argument. Again, these records were referenced during the Rule 12(b)(1) portion of the October 10 hearing, and the Court is more than capable of deciding which of them

---

[1] *See* Fed. R. Civ. P. 12(d) (only "a motion under Rule 12(b)(6) or 12(c)," not Rule 12(b)(1), "must be treated as one for summary judgment" when "matters outside the pleadings are . . . not excluded by the court"); *EEOC v. Phase 2 Investments Inc.*, 310 F. Supp. 3d 550, 560 (D. Md. April 17, 2018) (converting 12(b)(6) motion to summary judgment motion, but not doing so for simultaneous 12(b)(1) motion, because "[i]t would be inappropriate to consider . . . jurisdictional challenges under Rule 56").

[2] Not only is Plaintiffs' Rule 12(b)(1) argument wrong, but it is also disingenuous considering they have not asked the Court to disregard their expert declaration filed outside the pleadings.

3

can or should be relied upon in ruling under Rule 12(b)(1).[3] So too, the Court is fully capable of reviewing these documents, without improperly assessing Plaintiffs' claims under Rule 12(b)(6). Plaintiffs' contention that the Court has no choice but to completely disregard all of the documents for all purposes is baseless and goes too far.

***Third***, there is no question that the Court may properly consider the Group Annuity Contracts ("GACs") and their related Annuity Certificates in assessing Article III standing under Rule 12(b)(1). *See* ECF 65 ¶¶ 5-7, Exs. E-J. After all, these are the same "group annuity contracts" the Complaint references throughout and that establish the annuity rights and obligations integral to Plaintiffs' claims and their purported constitutional standing. *See* Compl. ¶¶ 3, 28, 57, 58, 59, 62, 65, 79, 81. As such, they are properly considered in assessing Lockheed Martin's "facial challenge" to standing under Rule 12(b)(1). *See, e.g.*, *NAACP v. Bureau of Census*, 382 F. Supp. 3d 349, 363 (D. Md. 2019) ("[O]n a facial challenge, the Court may consider documents that "are integral to the complaint and their authenticity is not disputed"). Indeed, Plaintiffs do not directly argue otherwise in their Objection, tacitly conceding the Court may consider these materials at the very least for purposes of assessing Article III standing.[4]

Nor do the GACs or their accompanying Certificates reflect any new argument. Lockheed Martin has consistently maintained that the PRTs here resulted in Plaintiffs' future pension benefits

---

[3] As the Court explained, "I'm just curious as to how it played out. What information was provided to the pensioners at the time of the transfer? I don't know that it plays in or not, but I need to understand a little bit about what [Plaintiffs are] arguing here." ECF 97 at 52:17-22.

[4] Notably, Plaintiffs' same counsel has not objected to consideration of the GACs in other cases involving virtually identical ERISA challenges to PRT transactions. For example, in response to a Rule 12(b)(1) motion to dismiss the amended complaint in *Camire v. Alcoa USA Corp.*, the plaintiffs, who are represented by the same counsel as Plaintiffs here, did not object to the defendants' reliance on GACs offered in support of Article III standing arguments. *See Camire*, No. 1:24-cv-01062, Doc. 36-1, Def.'s MTD Brief at 5-6 (Aug. 13, 2024) (referencing the attached GACs); *id.*, Doc. 39, Pls' Opp. to Def.'s MTD (Oct. 24. 2024).

4

being fully funded in a separate account pursuant to the underlying GACs, and that the separate account is not subject to claims by Athene's creditors. *E.g.*, ECF 26-1 at 6-7, 13-14; ECF 48 at 1; ECF 97 at 15:2-16:21, 50:2-9, 94:12-24. Yet the Complaint contains *no allegation* that the separate account is underfunded by any amount—let alone that it faces imminent depletion—thus confirming that Plaintiffs have failed to plausibly allege an actual or imminent reduction in their promised pension benefits, as required. That conclusion is reinforced by the fact that the separate account is only one of several layers of financial protection—even beyond Athene's irrevocable contractual promise—that guarantee Plaintiffs' future benefit payments. *Id.* at 13-14.

***Finally***, the remaining documents—namely, the notices Plaintiffs received from Lockheed Martin and Athene, ECF 65 ¶¶ 1-4, Exs. A-D—may be considered under case law permitting courts to consider plan-benefit communications (provided their authenticity is not disputed) at the pleadings stage of ERISA actions.[5] Regardless, these documents are not essential to any of Lockheed Martin's dismissal arguments. Nor are they relevant to any allegation that Plaintiffs received insufficient notice regarding the PRT transactions—because *there are no such allegations in the Complaint*. That the Court wished to review these documents to better understand the information Plaintiffs received (and in light of their counsel's incomplete and inaccurate description) is entirely appropriate. The Objection should be overruled.

## CONCLUSION

For the above reasons, the Court should overrule Plaintiffs' Objection to the supplemental documents Defendants filed at the Court's direction.

Respectfully submitted,

---

[5] *See, e.g.*, *Knepper v. Volvo Group N. Am.*, 2019 WL 47503337, at *9 (D. Md. 2019) (considering plan benefit communications sent to plaintiff).

|  |  |
|---|---|
|  | /s/ Christopher J. Boran |
| Dated: November 19, 2024 | Christopher Boran (admitted *pro hac vice*)<br>Matthew R. Russell (admitted *pro hac vice*)<br>Samuel D. Block (admitted *pro hac vice*)<br>Morgan, Lewis & Bockius LLP<br>110 North Wacker Dr., Ste. 2800<br>Chicago, IL 60606<br>Tel: (312) 324-1000<br>Fax: (312) 324-1001<br>christopher.boran@morganlewis.com<br>matthew.russell@morganlewis.com<br>samuel.block@morganlewis.com<br><br>Abbey M. Glenn (D. Md. Bar 18477)<br>Morgan, Lewis & Bockius LLP<br>1111 Pennsylvania Avenue, N.W.<br>Washington, DC 20004<br>Tel: (202) 739-3000<br>Fax: (202) 739-3001<br>abbey.glenn@morganlewis.com<br><br>Reginald Goeke (D. Md. Bar 135327)<br>E. Brantley Webb (admitted *pro hac vice*)<br>Eric A. White (admitted *pro hac vice*)<br>Jennifer L. Weinberg (admitted *pro hac vice*)<br>Michelle N. Webster (admitted *pro hac vice*)<br>Mayer Brown LLP<br>1999 K St., NW<br>Washington, DC 20006<br>Tel: (202) 263-3000<br>Fax: (202) 263-5241<br>rgoeke@mayerbrown.com<br>bwebb@mayerbrown.com<br>eawhite@mayerbrown.com<br>jlweinberg@mayerbrown.com<br>mwebster@mayerbrown.com<br><br>Nancy Ross<br>Mayer Brown LLP<br>71 South Wacker Drive<br>Chicago, IL 60606<br>Tel: (312) 701-8788<br>Fax: (312) 706-8273<br>nross@mayerbrown.com<br><br>*Attorneys for Defendant*<br>Lockheed Martin Corporation |