**Schlichter Bogard**

100 South 4th Street, Suite 1200
St. Louis, MO 63102

314.621.6115

Jerome J. Schlichter

jschlichter@uselaws.com

February 18, 2025

<u>Via ECF</u>

Hon. Brendan A. Hurson
United States District Court, District of Maryland
101 West Lombard Street
Chambers 3D
Baltimore, MD 21201

Re: *Konya et al. v. Lockheed Martin Corporation*, No. 24-750 (D. Md.)

Dear Judge Hurson:

Pending before the Court is Defendant's motion to dismiss, fully briefed and then argued October 10, 2024. *See* ECF 67 (Transcript of Motion Hearing). Plaintiffs file this notice to bring to the Court's attention a recent decision of the D.C. Circuit, which further supports denying Defendant's motion. *Sierra Club v. United States DOT*, No. 20-1317, ___ F.4th ___ (D.C. Cir. Jan. 17, 2025) (slip op. attached). *Sierra Club* is relevant to both the Article III standing and ripeness issues raised in Defendant's pending motion.

*Sierra Club* involved a challenge to a Department of Transportation rule authorizing transport by railcar of liquified natural gas (LNG), a hazardous substance that poses "potentially catastrophic" risks to people and property in the event of an accident. Slip op. 3–4. The Puyallup Tribe of Indians, among others, challenged the rule on the ground that the agency "did not sufficiently consider the safety risks of transporting LNG by rail." *Id*. at 4. The court held that the tribe had standing and that the case was ripe.

*First*, the court held that the tribe had standing based merely on an increased risk of harm.

# Schlichter
# Bogard

Slip op. 16–17. The rule "substantially increases the probability that LNG will be shipped by rail . . . through the Tribe's reservation," thus risking "harm to the Tribe's heritage, its land, its people, and its resources." *Id*. (internal quotation marks omitted). Such "increased risk suffices" for standing. *Id*. at 17. This holding further supports Plaintiffs' view that the increased risk that they will not receive their benefits over the coming decades is an independent Article III injury, in addition to the actual economic injuries they have already sustained (the reduced present value of their benefits). Pls.' Opp. 2, 7–11, 15–16 (ECF 35).

*Second*, the court held that the case was ripe. *Id*. at 12–13. Even though the agency had suspended the rule authorizing LNG transport by rail and was considering modifications to the rule, the case was ripe because the agency had not asserted "that it will *never* enforce the regulation in question" and continued to defend the rule. *Id.* at 11–13. This holding further supports Plaintiffs' argument that this case is ripe because Defendant have *already* transferred the responsibility for paying Plaintiffs' pension benefits from an ERISA-governed plan backed by Lockheed Martin's financial strength and the federal government to a high-risk, private-equity backed insurance company without those protections. Pls.' Opp. 16–17 (ECF 35).

For these reasons, *Sierra Club* further supports denying Defendant's motion to dismiss.

        Sincerely,

        */s/ Jerome J. Schlichter*

        Jerome J. Schlichter
        *Lead Counsel for Plaintiffs*

cc: all counsel of record