IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRUCE KONYA, SIMON SHIFF, STEPHEN SCHWARZ, DIANA VASQUEZ, individually and as representatives of a class of participants and beneficiaries on behalf of the Lockheed Martin Corporation Salaried Employee Retirement Program and the Lockheed Martin Aerospace Hourly Pension Plan,

Plaintiffs,

v.

LOCKHEED MARTIN CORPORATION,

Defendant.

Civ. No. 24-750-BAH

## MEMORANDUM OPINION

In this putative class action, Plaintiffs are four retirees who allege that Defendant Lockheed Martin ("Lockheed" or "Defendant") violated the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., in the transfer of their pension plans to a private annuity through a process known as a "pension risk transfer," or "PRT." *See* ECF 1 (complaint). On March 28, 2025, the Court denied Defendant's motion to dismiss. *See* ECF 79 (memorandum opinion); ECF 80 (order).[1] Soon after, Defendant filed a motion to certify for immediate appeal pursuant to 28 U.S.C. § 1292(b). ECF 83. Plaintiffs filed an opposition. ECF 86. Defendant filed a reply. ECF 89. The Court has reviewed all relevant filings and finds that

---

[1] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page. The prior memorandum opinion is also found at *Konya v. Lockheed Martin Corp.*, Civ. No. 24-750-BAH, 2025 WL 962066 (D. Md. Mar. 28, 2025). For convenience, the Court will reference the ECF docket number corresponding to the memorandum opinion addressing the motion to dismiss, ECF 79, throughout this opinion.

no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons noted below, the motion is **GRANTED**. The Court will grant the request to further **STAY**[2] the case pending resolution of an interlocutory appeal.

I.   **BACKGROUND**

The facts of this case are detailed in the memorandum opinion issued on March 28, 2025. *See* ECF 79, at 2–9. In short, this case centers on two PRTs where Lockheed transferred its pension liabilities to annuity provider Athene Annuity & Life Assurance Company of New York ("Athene"). *Id.* at 6. Plaintiffs allege that the transfer represented a violation of Lockheed's statutory and fiduciary duties because Athene represented a riskier alternative to traditional annuity providers. *Id.* at 7. The riskier transfer, Plaintiffs allege, allowed Lockheed to save money at the expense of Plaintiffs' retirement safety. *Id.* Plaintiffs also allege that Lockheed breached its fiduciary duties by foregoing more appropriate, less risky annuities that were available. *Id.* at 8. As the Court noted in the memorandum opinion, "Plaintiffs' complaint is best summarized as alleging that 'Lockheed Martin sacrificed the retirement security of retirees and beneficiaries for corporate profits.'" *Id.* (citing ECF 1, at 22 ¶ 60). Notably, Plaintiffs do not claim that Athene has failed to pay any retirement benefits. *Id.* Instead, Plaintiffs allege that their harm is two-fold: "an increased and significant risk that they will not receive the benefit payments to which they are entitled and a decrease in value of their pension benefits due to the uncompensated risk." *Id.* (citing ECF 1, at 28 ¶ 73).

Plaintiffs raise three causes of action related to the PRTs. First, they allege a breach of fiduciary duty under 29 U.S.C. § 1104(a)(l)(A)–(B) (count I). ECF 1, at 27–29 ¶¶ 67–74.

---

[2] Defendant filed an answer to the complaint on April 28, 2025. ECF 87. The Court held on May 1, 2025, that no scheduling order would issue until Defendant's motion seeking an immediate interlocutory appeal was decided. ECF 88.

Second, they alleged that the PRTs represented prohibited transactions in violation of 29 U.S.C. § 1106(a) and (b) (count II). *Id.* at 29–30 ¶¶ 75–83. Third, Plaintiffs allege that Lockheed failed to monitor fiduciaries by "by failing to ensure that the process of selecting Athene as an annuity provider complied with the fiduciary standards set forth in 29 U.S.C. §§ 1104(a)(l)(A) and (B), and [IB] 95-1" (count III). *Id.* at 30–31 ¶¶ 84–88. Plaintiffs seek equitable relief, including disgorgement of the cost savings derived from the alleged improper transactions and the posting of security to assure that Plaintiffs receive their full retirement benefits. *Id.* at 3 ¶ 5, at 28–29 ¶ 74, at 30 ¶ 83.

Defendant sought dismissal of the complaint on the ground that Plaintiffs do not have standing to bring suit because they "cannot point to any concrete, imminent injury that they have suffered as a result of the PRTs." ECF 79, at 13 (quoting ECF 26-1, at 10). The argument for dismissal centered primarily on *Thole v. U.S. Bank*, 590 U.S. 538 (2020), a Supreme Court case affirming that "the mere allegation of [retirement] plan mismanagement, standing alone, is not enough to confer standing on a defined-benefit retirement plan participant whose payments have not been reduced or suspended[.]" ECF 79, at 8. For the reasons noted in the memorandum opinion, however, the Court ultimately decided that *Thole* did not compel dismissal and further held that Plaintiffs had "eked out sufficient injury-in-fact to establish standing." *Id.* at 20.

On the same day, Judge Loren AliKhan of the United States District Court for the District of Columbia granted a motion to dismiss filed by corporate defendants in a case with facts similar to the case at bar. *See Camire v. Alcoa USA Corp.*, No. CV 24-1062 (LLA), 2025 WL 947526 (D.D.C. Mar. 28, 2025). There, the plaintiffs, all "former employees of Alcoa who are participants in its pension plans," *id.* at *1, filed suit against Alcoa and others alleging that PRTs to Athene of Alcoa retirement plans violated the defendants' "strict fiduciary

responsibilities" because Athene was "substantially riskier than traditional annuity providers," *id.* at *2. After applying *Thole*, Judge AliKhan determined that the plaintiffs lacked standing and dismissed the case. While other cases challenging PRTs to Athene are pending around the country, *see* ECF 83-1, at 5 n.5, it appears that only this Court and Judge AliKhan have decided the question of whether *Thole* compels dismissal of claims resting on the theory presented here.

Defendant seeks an interlocutory appeal to address a burgeoning split on whether challenges to PRTs involving Athene are viable. ECF 83-1, at 10 ("As of now, plaintiffs have standing to assert these claims in one court but not another one nearby. Thus, the consistent administration of justice, particularly for threshold constitutional issues like Article III standing, militates in favor of Fourth Circuit review now, not later."). Defendant argues that given the "the extraordinary burden of putative class-action litigation," an answer from the Fourth Circuit is necessary to avoid "the prospect of spending millions of dollars on years of fact discovery and expert discovery—not to mention motion practice and potential trial[.]" *Id.* at 14. Defendant seeks a temporary stay of the proceedings pending a decision from the Fourth Circuit. *Id.* at 15 (citing 28 U.S.C. § 1292(b)).

## II. **LEGAL STANDARD**

Ordinarily, the Court's ruling on Lockheed's motion to dismiss would not be appealable except under narrow circumstances not present here. 28 U.S.C. § 1292(a)(1)–(3) (granting the "courts of appeals" jurisdiction of appeals from "interlocutory orders of the district courts" related to injunctions, "wind[ing] up receiverships," and certain admiralty cases). However, 28 U.S.C. § 1292(b) "provides a mechanism by which litigants can bring an immediate appeal of a non-final order upon the consent of both the district court and the court of appeals." *Butler v.*

*DirectSAT USA, LLC*, 307 F.R.D. 445, 451 (D. Md. 2015) (citing *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982)). The statute provides that:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however*, [t]hat application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b) (italics in original). "Thus, a defendant seeking an interlocutory appeal pursuant to section 1292(b) must 'show (1) that a controlling question of law exists (2) about which there is a substantial basis for difference of opinion and (3) that an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" *Butler*, 307 F.R.D. at 452 (quoting *Riley v. Dow Corning Corp.*, 876 F. Supp. 728, 731 (M.D.N.C. 1992)). An inquiry into whether "a controlling question of law exists" refers to "a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine," *id.* (citing *Lynn v. Monarch Recovery Mgmt., Inc.*, 953 F.Supp.2d 612, 623 (D. Md.2013)), not "questions of law heavily freighted with the necessity for factual assessment, *id.* (citing *Fannin v. CSX Transp., Inc.*, 873 F.2d 1438, at *5 (4th Cir. 1989) (unpublished table decision)). "Certainly the kind of question best adapted to discretionary interlocutory review is a narrow question of pure law whose resolution will be completely dispositive of the litigation, either as a legal or practical matter, whichever way it goes." *Fannin*, 1989 WL 42583, at *5. Such a "question also may be controlling 'if interlocutory reversal might save time for the district court, and time and expense for the litigants.'" *Coal. for Equity & Excellence in Md. Higher Educ. v. Md. Higher Educ.*

5

*Comm'n*, Civ. No. 06-2773, 2015 WL 4040425, at *4 (D. Md. June 29, 2015) (quoting 16 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3930 (3d ed. 2021)).

"Interlocutory appeal is intended to be an extraordinary remedy." *Bezek v. First Nat'l Bank of Pa.*, Civ. No. SAG-17-2902, 2023 WL 2571508, at *2 (D. Md. Mar. 20, 2023). "All three requirements must be satisfied." *Oak Plaza, LLC v. Buckingham*, Civ. No. DKC-22-0231, 2024 WL 4149835, at *1 (D. Md. Sept. 11, 2024). Unless "*all* of the statutory criteria are satisfied . . . 'the district court may not and should not certify its order . . . for an immediate appeal under section 1292(b).'" *Butler*, 307 F.R.D. at 452 (emphasis in original) (quoting *Ahrenholz v. Bd. of Trs. of the Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000)). Finally, the Court has the discretion to deny the request. *Bezek*, 2023 WL 2571508, at *2. "In other words, district courts are permitted, not required, to certify an interlocutory appeal in certain extraordinary situations." *Id.*

### III. ANALYSIS

Defendant argues that the first requirement of 28 U.S.C. § 1292(b) is met because "whether Plaintiffs have Article III standing to invoke this Court's jurisdiction—taking the Complaint's well-pleaded allegations as true—is a pure, threshold legal issue." ECF 83-1, at 9. It argues that the ultimate resolution of this question will not require the appellate court to delve into the merits of any factual averments and instead presents a "'pure' question of law." *Id.* Defendant further argues that an interlocutory appeal is especially appropriate here since "[t]his is one of many copycat cases challenging PRT transactions involving Athene" and, "[a]s of now, plaintiffs have standing to assert [their] claims in one court but not another one nearby." *Id.* at 10. Plaintiffs disagree and note that the "'injury in fact' issue raised by Defendant is clearly factual, as evidenced by Plaintiffs' detailed factual allegations, the Court's robust analysis, which

6

dove deeply into those factual allegations, and the fact that Lockheed had to go far outside the complaint to dispute standing by relying on the truth of voluminous outside documents and factual assertions." ECF 86, at 6. Finally, Plaintiffs argue that Defendant misses the mark by focusing on whether the Court "correctly determined that Plaintiffs asserted a sufficient risk of future harm" because, regardless of the decision of the appellate court, "Plaintiffs would almost surely be given the opportunity to amend their complaint to allege additional facts to make such a showing." *Id.*

Though Plaintiffs are certainly correct that the Court detailed the factual allegations recounted in the amended complaint, the ultimate decision rendered was a legal one, namely whether those facts, if true, represent "mismanagement . . . so egregious that it substantially increased the risk that [Plaintiffs'] retirement plan] would fail and be unable to pay the participants' future pension benefits." ECF 79, at 19 (citing *Thole*, 590 U.S. at 546). This is primarily a legal question, and one that another district court faced with nearly identical allegations has decided differently. More importantly, the question is controlling in the sense that if a higher court decided the question differently, the case would not move forward in its present form. Thus, the question of whether Plaintiffs have, as the court previously held, "eked out sufficient injury-in-fact to establish standing," *id.* at 20, is "serious to the conduct of the litigation, either practically or legally," *Kayz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974). It poses a "'pure question of law,' that is, 'an abstract legal issue that the court of appeals can decide quickly and cleanly.'" *Int'l Refugee Assistance Project v. Trump*, 404 F. Supp. 3d 946, 950 (D. Md. 2019) (quoting *United States ex rel. Michaels v. Agape Senior Cmty., Inc.*, 848 F.3d 330, 340 (4th Cir. 2017)). The question "does not require the appellate court 'to delve beyond the surface of the record in order to determine the facts.'" *Id.* (citing *Int'l Refugee*

7

*Assistance Project*, 404 F. Supp. 3d at 341). It is a "pure issue of law" of the kind appropriate for an interlocutory appeal. *Buettner-Hartsoe v. Baltimore Lutheran High Sch. Ass'n*, Civ. No. RDB-20-3132, 2022 WL 4080294, at *3 (D. Md. Sept. 6, 2022). Since the answer to the question of whether Plaintiffs have sufficiently alleged standing is one that "seriously impact[s] the litigation of this case," *id.* at *4, the Court finds that a "a controlling question of law exists," *Butler*, 307 F.R.D. at 452.

There is also a "substantial basis for difference of opinion" on the question to be presented for appellate review. *Butler*, 307 F.R.D. at 452. As noted, the two district courts to address the issue of whether similar allegations of potential injury establish Article III standing answered the question differently. More decisions on the same question are undoubtably coming.[3] Of course, "for interlocutory appeals, 'it matters not whether the lower court simply got the law wrong,' but 'whether courts themselves disagree as to what the law is.'" *In re Nichols*, Civ. No. TDC-14-0625, 2014 WL 4094340, at *3 (D. Md. Aug. 15, 2014) (quoting *KPMG Peat Marwick, LLP v. Estate of Nelco, Ltd.*, 250 B.R. 74, 82 (E.D. Va. 2000)). As such, the Fourth Circuit may find that a disagreement among a handful of district courts fails to meet the "high threshold" for "establishing the 'substantial ground for difference of opinion' with respect to a 'controlling question of law' required for certification pursuant to § 1292(b)." *Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Group*, 233 F. Supp. 2d 16, 19–20 (D.D.C. 2002). Regardless, this Court is satisfied that the clear disagreement between district courts, coupled with the likelihood that the same question will be decided differently in other courts, provides an adequate basis to meet the second prong of the § 1292(b) analysis. *See Kennedy v.*

---

[3] As Defendant notes, the same issue is currently before trial courts in New York, Massachusetts, and Washington. See ECF 83-1, at 5 n.5. A review of the dockets in those cases reflects that additional rulings are forthcoming on the viability of allegations similar in kind to the instant matter.

*Villa St. Catherine, Inc.*, Civ. No. PWG-09-3021-WDQ, 2010 WL 9009364, at *2 (D. Md. June 16, 2010) ("But, when a matter of first impression also had other grounds for difference of opinion—and met the other two criteria—, district courts in this circuit have certified the issue for interlocutory appeal.").

Finally, the Court agrees that resolving the issue related to the application of *Thole* to the allegations at hand "definitively at this stage will lend clarity to possible settlement discussions and pretrial preparation." *Buettner-Hartsoe*, 2022 WL 4080294, at *4. That the answer to the disputed question has "the potential for substantially accelerating the disposition of the litigation" is, of course, "the critical requirement" for an interlocutory appeal. *Hirsch v. Blue Cross & Blue Shield of Maryland, Inc.*, Civ. No. MJG-90-3049, 1991 WL 502004, at *5 (D. Md. Dec. 26, 1991) (citing 9 J. Moore, B. Ward & J.D. Lucas, Moore's Federal Practice 110.22[2] at 275 (2d ed. 1991)). As Lockheed notes, if the Fourth Circuit were to rule that Plaintiffs lack standing, the case would not move forward in its present form, if it moves forward at all. ECF 83-1, at 13. Plaintiffs take issue with this contention and allege that an adverse ruling on appeal would not necessarily end the case. ECF 86, at 9. They note that if they "were to lose on this pleading issue, they would seek and very likely be granted the opportunity to amend their complaint (which they have never done) and have more that they could and would say about—for example—the risks of state regulatory action against Athene causing an interruption and loss of Plaintiffs' annuity payments." *Id.* Indeed, a review of the docket in the *Camire* case reflects that Plaintiffs have done just that and sought leave to file an amended complaint. *See Camire*, Motion Alter or Amend Judgment and for Leave to File Amended Complaint, No. CV 24-1062 (LLA) (D.D.C. Apr. 25, 2025), ECF 43.

However, as this Court has previously noted, "it has never been a requirement that an interlocutory appeal is only appropriate when the answer to the question at issue will necessarily end a case." *Bradley v. DentalPlans.com,* Civ. No. 20-1094-BAH, 2024 WL 5158791, at *5 (D. Md. Dec. 18, 2024) (citing *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011)). Instead, "[i]n deciding whether certification will materially advance the ultimate termination of the litigation, 'a district court should consider whether an immediate appeal would: (1) eliminate the need for trial, (2) eliminate complex issues so as to simplify the trial, or (3) eliminate issues to make discovery easier and less costly.'" *Ekstrom v. Cong. Bank*, Civ. No. ELH-20-1501, 2021 WL 119000, at *3 (D. Md. Jan. 13, 2021) (citing *Goodman v. Archbishop Curley High School, Inc.*, 195 F. Supp. 3d 767, 773 (D. Md. 2016)). Even if Plaintiffs are correct that leave to amend might be granted subsequent to an adverse ruling—a holding the Court explicitly does not forecast here—, the Court is nonetheless convinced that a decision by a higher court on the question of standing for allegations of future harm in the context of PRTs would "simplify the trial" and "make discovery easier and less costly," *id.*, by clearly deciding whether the allegations raised here on behalf of Lockheed pensioners survive *Thole*. At minimum, a ruling from a higher court on the viability of Plaintiffs' claims would "serve to avoid a trial or otherwise substantially shorten the litigation." *Clark Const. Group, Inc. v. Allglass Sys., Inc.*, Civ. No. DKC-02-1590, 2005 WL 736606, at *4 (D. Md. Mar. 30, 2005)).

Plaintiffs argue that there are no "exceptional circumstances" present in this case that would justify an interlocutory appeal. ECF 86, at 9. It is true that "[a]n interlocutory appeal is an exception to the rule, and it 'is limited to extraordinary cases where early appellate review might avoid protracted and expensive litigation.'" *Kennedy*, 2010 WL 9009364, at *1 (quoting *Carman v. Bayer Corp.*, No. CIV.A. 5:08CV148, 2009 WL 2413633, at *1 (N.D. W. Va. Aug. 4,

10

2009)). However, given that all sides appear to agree that costly litigation related to PRTs to Athene are expanding,[4] and noting that the only two district courts to decide the issue came to opposite conclusions as to viability of such claims, a final answer from the appellate court at this stage would achieve "[t]he purpose behind the exception," which "is to avoid unnecessary litigation." *Id.* (citing *Hirsch*, 1991 WL 502004, at *5). As such, the Court finds that the requirements for an interlocutory appeal under 28 U.S.C. § 1292(b) are met on the question posed by Defendant, namely "whether Plaintiffs have plausibly alleged a sufficient injury for purposes of Article III" under the unique scenario presented here. ECF 89, at 2 (emphasis in original).[5]

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, Lockheed's motion to certify for immediate appeal pursuant to 28 U.S.C. § 1292(b), ECF 83, is **GRANTED**. The Court certifies the portion of its order and memorandum opinion addressing whether Plaintiffs have plausibly alleged a sufficient injury for

---

[4] Of course, Plaintiffs argue that the "the fact that there are multiple lawsuits challenging different PRTs that have transferred the obligations to ensure their pension promises to their retired employees from several large companies to Athene" should be viewed as "as supporting, not undercutting, the likelihood that Plaintiffs' retirements are at risk." ECF 86, at 10.

[5] Defendant frames their specific questions for an interlocutory appeal as follows:

1) Does pleading a "substantially increased risk" of a future injury for purposes of Article III standing require alleging both (a) a substantially increased absolute risk of harm, and (b) a substantial probability of such harm actually occurring?

2) Does including a request for equitable relief under ERISA for an alleged fiduciary breach relieve a plaintiff of the need to plead a concrete, imminent and particularized injury?

ECF 89, at 3. Of course, the Court leaves the precise framing of the questions to the appellate court, if it agrees an interlocutory appeal is appropriate.

purposes of Article III for interlocutory appeal. The remainder of this case is **STAYED**[6] pending review from the United States Court of Appeals for the Fourth Circuit.

A separate implementing Order will issue.

Dated: July 22, 2025

/s/
Brendan A. Hurson
United States District Judge

---

[6] The decision to "stay proceedings in the district court" pending resolution of an interlocutory appeal is left "to the district judge or the Court of Appeals." 28 U.S.C. § 1292(b).